# PJB Law, PLLC
Employment Law / HR Consulting
## Pamela J. Branch, Esq.

November 12, 2020

*Via ECF*

Fernando Galindo, Clerk of Court
Walter E. Hoffman
United States Courthouse
600 Granby Street
Norfolk, VA 23510

      RE:    *Mona Adkins-Easley v. Norfolk State University*
                  *Complaint*

Dear Mr. Galindo:

    I hope this letter finds you well.

    Please find attached Plaintiff's Complaint in the above-referenced matter. If you have any questions, please do not hesitate to contact me.

                               Kind regards,

                               Pamela Johnson Branch

Attachment: 1

Cc:    Mona Adkins-Easley (Via FCM)
        File

115 North 1st Street, Suite 100, Richmond, VA 23219 . Phone 804-771-9786
pam@pjblawfirm.com . richmondlegalgroup.com . Fax: 804-823-2728

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| MONA ADKINS-EASLEY, | ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) JURY TRIAL DEMANDED |
| NORFOLK STATE UNIVERSITY, | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff, by and through her counsel, pursuant to the Federal Rules of Civil Procedure, for her causes of action against the Defendant state and allege as follows:

### I. INTRODUCTION

1. This suit for age and sex discrimination arising from Defendant Norfolk State University's decision to not renew Plaintiff's contract, and several precedent actions, forcing her to prematurely retire in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, (42 U.S.C. §2000e et seq.) and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, (29 U.S.C. §§ 621-634).

2. At all times relevant to this Complaint, Plaintiff is within the protected classes of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967 ("ADEA").

3. The Defendant chose to not renew or essentially terminated Plaintiff's employment on March 27, 2018, in order to give her position to a much younger, unqualified male subordinate, Tre (Sylvester) Watkins.

4. The Defendant also chose not to renew the Plaintiff's contract after she expressed concerns that she and her staff and her were harassed by Dr. Melvin Stith, Sr. (male), then Interim President, and Dr. Carl Haywood (male), Chief of Staff, regarding her FMLA and/or sick leave when she had been out on approved intermittent FMLA leave between January 13, 2018, and February 5, 2018.

5. The *Norfolk State University Administrative & Professional Faculty Handbook* (dated January 1, 2002) requires that the decision to not renew come only after consultation with the "appropriate Vice President, appropriate Dean if any, and Department Head."

6. In this case, it is not clear that the Defendant followed this process since it is equally unclear that Dr. Leroy Hamilton, former Vice President, was consulted on this decision as he had informed Ms. Adkins-Easley in March 2018 that he had no complaints with the manner in which she had been managing her department as the Associate Vice President of Human Resources.

## II. PARTIES

7. Plaintiff Mona Adkins-Easley is a 65-year-old, female resident of Chesterfield, Virginia. Ms. Adkins-Easley was well qualified to serve as the Associate Vice President for Human Resources at Norfolk State University, which is located within the District.

8. Defendant Norfolk State University is a public, state-assisted university located in Norfolk, Virginia. At all times relevant to this Complaint, the university has over 800 employees, and conducts its operations within the District.

## III. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. Venue is proper in this District because the unlawful acts of employment discrimination described herein occurred in Norfolk, Virginia, and Norfolk State University is found and maintains its primary and only location within this District. 42 U.S.C. §2000e-5(f)(3).

## IV. FACTS

11. From January 1, 2014 until September 3, 2014, Plaintiff served as the Special Assistant to the University President for Human Resources & Training and Development.

12. On or about September 3, 2014, Ms. Adkins-Easley was hired as the Associate Vice President for Human Resources.

13. At all times relevant to this matter, Ms. Adkins-Easley performed her job according to the legitimate work expectations of the University and according to her job description.

14. Ms. Adkins-Easley took FMLA continuous and intermittent FMLA leave from February 1, 2017, through March 31, 2017 after cancer surgery.

15. While Ms. Adkins-Easley was on leave, she received an email from her subordinate, substantially younger, male employee, Sylvester (Tre) Watkins, stating that he was resigning his position to take another state position.

16. Mr. Watkins made it clear to Ms. Adkins-Easley that he was unhappy that she did not place him in charge of the Human Resources Office while she was on leave.

17. Ms. Adkins-Easley took FMLA leave for a second time on January 13, 2018, after suffering injury from a November 2017 car accident.

18. After Ms. Adkins-Easley returned to work on or about February 15, 2018, she learned that she had been removed from her position on the Executive Cabinet; and told that she had to either quit, retire, or accept a position in Virginia Beach at a lower pay grade; and that her contract would not be renewed.

19. Effective February 15, 2018, Ms. Adkins-Easley's title changed from Associate VP of Human Resources to Human Resources Director.

20. Ms. Adkins-Easley was the only non-VP titled Cabinet member removed from the Executive Cabinet while male non-VP Cabinet members retained their positions.

21. Ms. Adkins-Easley was replaced by Sylvester (Tre) Watkins, a substantially younger, unqualified, male employee, at a higher salary, and who had been identified by the Defendant as a threat to the University's safety.

22. On March 28, 2018, Ms. Adkins-Easley was given a letter by the Interim President, Dr. Melvin Stith, Sr., stating that her Administrative and Professional Faculty Appointment would not be renewed and employment would end effective September 30, 2018.

23. Ms. Adkins-Easley was given no credible explanation as to why her contract was not being renewed despite efforts made to obtain this information.

24. However, it is clear that Ms. Adkins-Easley was replaced by someone who was patently unqualified for the position and someone who had campaigned to undermine Ms. Adkins-Easley to obtain the position.

25. As a result of the non-renewal and other precedent decisions, Ms. Adkins-Easley filed an EEOC Charge on May 28, 2018.

26. The EEOC issued a Notice of Right to Sue on August 20, 2018, and Ms. Adkins-Easley received the Notice on August 22, 2020.

27. Ms. Adkins-Easley is timely filing her Complaint within the 90-day time period.

## V. CLAIMS

### COUNT ONE

**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, Public Law 88-352, 42 U.S.C. § 2000e et seq.**

28. Ms. Adkins-Easley realleges and incorporates herein by reference the foregoing paragraphs.

29. Norfolk State University engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.SC. § 2000e-2(a)(1), by removing her from the Executive Cabinet; changing her title from Associate VP of Human Resources to Human Resources Director; changing her established reporting structure to Chief of Staff; deciding to non-renew her contract, thereby forcing her to retire; and replacing her with an unqualified, male subordinate because of sex.

30. Norfolk State University has never articulated any legitimate, non-discriminatory reason for any of the aforementioned decisions related to Ms. Adkins-Easley's former employment.

31. The effect of Norfolk State University's unlawful employment practice was to deprive Ms. Adkins-Easley of equal employment opportunities and otherwise adversely affect her status as employee, because of sex.

### COUNT TWO

**Age Discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, Public Law 90-202, 29 U.S.C. §§ 621-634**

32. Ms. Adkins-Easley realleges and incorporates herein by reference the foregoing paragraphs.

33. Norfolk State University engaged in unlawful employment practices in violation of Public Law 90-202, 29 U.S.C. §§ 621-634, by not renewing her contract in order to replace her with an substantially younger, unqualified, subordinate employee.

34. Norfolk State University has never articulated any legitimate, non-discriminatory reason for any of the aforementioned decision related to Ms. Adkins-Easley's former employment.

35. The effect of Norfolk State University's unlawful employment practice was to deprive Ms. Adkins-Easley of equal employment opportunities and otherwise adversely affect her status as employee, because of age.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mona Adkins-Easley prays for the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, Public law, 88-352, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967, as amended, Public Law 90-202, 29 U.S.C. §§ 621-634;

b. Back pay, front pay, and pay differential since September 2018 (including interest and benefits);

c. Compensatory and punitive damages;

d. Reasonable attorney's fees and all expenses and costs of this action; and

e. Such other and legal and equitable relief as the Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Ms. Adkins-Easley demands a jury trial of all issues triable in this action.

November 13, 2020

/s/ Pamela Johnson Branch
Pamela J. Branch

Pamela Johnson Branch, Esq.
VSB #41008
PJB Law, PLLC
115 North 1st Street, Suite 100
Richmond, VA 23219
804-771-9786 (Office)
804-823-2728 (Facsimile)
pam@pjblawfirm.com (Email)
*Counsel for Plaintiff*